# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JILL FIRSE, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | |
| LVNV FUNDING, LLC AND | § | |
| NORTHLAND GROUP, INC. | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Jill Firse, hereinafter referred to as Plaintiff complaining against LVNV Funding, LLC and Northland Group, Inc. hereinafter referred to as Defendants and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is an action for damages brought by an individual plaintiff for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover

monetary damages for Defendants' violation of the FDCPA, the TDCPA and the DTPA and to have an Order or injunction issued by this Court preventing Defendants from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendants reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendants in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2.  Plaintiff, Jill Firse, is a natural person residing in Dallas County. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section 17.50(a)(1).

3.  Defendants, LVNV Funding, LLC and Northland Group, Inc., are corporations engaged in the business of collecting consumer "debts" as defined by 15 U.S.C. §1692(a)(5) by use of the mails and telephone, and Defendants regularly attempts to collect debts alleged to be due another.

4.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## **FIRST COUNT**

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this Complaint, Defendants

contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt. Defendants' conduct violated the FDCPA in multiple ways, including but not limited to:

   a. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant LVNV Funding LLC (LVNV) failing to notify Defendant Northland Group (Northland) that Plaintiff is currently represented by an attorney, despite LVNV having been informed of this fact prior to its assignment of the account to Northland for collection.  On or about February 17, 2010, Plaintiffs counsel sent a letter of representation to LVNV.  At some time before March 23, 2010, LVNV assigned the debt to Northland Group, Inc. for collection, causing Northland to send a letter to Plaintiff dated March 23, 2010.  On information and belief, LVNV never informed Northland that Plaintiff was being represented by counsel.  Had LVNV informed Northland about this, Northland presumably would have sent its March 23 letter to Plaintiffs counsel, instead of to Plaintiff directly in violation of § 1692c(a)(2) (§ 1692e(10));

   b. Where Northland Group, Inc.Defendant had not yet made an attempt to contact Plaintiffs counsel or had not given Plaintiffs counsel sufficient time to respond to the initial attempt to communicate with Plaintiffs

counsel, and where Plaintiffs counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel. Because Plaintiffs counsel sent a letter dated February 17, 2010, to LVNV, the creditor which hired Northland to send its March 23, 2010, letter to Plaintiff, Defendant Northland was or should have been informed that Plaintiff was represented by counsel, yet Northland sent its March 23, 2010, letter to Plaintiff directly instead of to Plaintiffs counsel (§ 1692c(a)(2)).

6. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and/or emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

7. Plaintiff reincorporates by reference herein all prior paragraphs above.

8. Defendants violated the Texas Debt Collection Practices Act in one or more of the following ways:

      a.    Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

9. As a result of Defendants' violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

10. Defendants' aforementioned statutory violations also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

11. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## THIRD COUNT
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

12. Plaintiff reincorporates by reference herein all prior paragraphs above.

13. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

14.     Defendants were given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

15.     Defendants made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

16.     Defendants knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

17.     Defendants' actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

18.     Defendants' actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

19.     The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.  Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

20.     Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendants' conduct is found to have been committed knowingly; or an amount

not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

21.     Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer herein and upon final hearing hereof, Plaintiff has judgment of and against Defendants as follows:

(a)     a declaratory judgment be entered that Defendants' conduct violated the FDCPA;

(b)     an award of actual damages;

(c)     an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d)     an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e)     a declaratory judgment be entered that Defendants' conduct violated the Texas Deceptive Trade Practices Act;

(f)     an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(g) seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendants' conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

(h) such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on May 17th, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz